Kirkpatrick C. J.
This is a case of forcible detainer, an(l principal reason assigned for the reversal of the is, that it is irregular, informal, and not accord-mg to law.
After recording the verdict of the jury, whereby they find the defendants guilty of the unlawful detainer, complained of by the plaintiff, the justice enters his judgment in these words: “Whereupon, I give judgment for the plaintiff, for the said unlawful detainer, with costs of suit, being treble, amounting to $80.16.”
The case of Waller v. Park, (Pen. 661) is a stronger case than this. There, after recording the verdict of guilty, the justice gave judgment, that “Waller, the defendant, is guilty of forcibly entering, and detaining, the possession of the premises contained and described in the complaint of the plaintiff,” and awards costs. But, because there was no judgment for restitution, this judgment was holden as none, and reversed. In the case of Cowman *v. Barber, too, (Pen. 688) the judgment was, that the defendant was guilty; but there was no judgment, that the plaintiffs be restored, &c., and therefore it was reversed.
Perhaps, the mode of proceeding upon the English statutes, in actions of forcible entry and detainer, may have led some of the justices into mistake,-though, in this case, even that has not been pursued. There, the principal judgment was, that the defendant is convicted, and restitution, &c. followed as consequences. Upon these precedents, it is presumed, some of the justices here have been led, in these cases, to give judgment that the defendant is guilty. That was so in the two cases just cited, and *945 it may be said to be substantially so, in the one now before us. But, it is to be observed, that those statutes are - wholly different from ours, upon this subject; they had different objects in view, and different modes of proceeding prescribed.
The English statutes, made a forcible detainer a criminal offence. The party complained of, might be convicted, upon the voice of one or more of the justices, or upon an inquisition, taken by the people of the county. This conviction was made a matter of record, beginning with a memorandum, stating all the facts particularly, and closing with the judgment of the justice thereupon, the imposing of the fine, the commitment of the party, and the award of restitution. This judgment of the justices, was to this effect, and somewhat in this form: “ Therefore, it is considered, by us, the justices aforesaid, that the said A. B. of the detainer, aforesaid, with force and strong hand, is convicted, according to the form of the statute, &c.; whereupon we, &c.; and then they go on to impose the fine, order the arrest and commitment of the defendant, and restitution to be made. And the warrant of arrest, commitment, and writ of restitution, went accordingly.
This was the course under the British statutes, and a very easy, sensible, and just course, it seems to have been. Our legislature, however, although they still declare it to be unlawful to make such detainer, with force and strong hand, yet, have altered the whole course of proceeding upon it, and instead of considering it as a criminal of-fence, have converted it into a mere private injury. There is no conviction upon view, no grand inquest to make inquisition, no fine, no arrest, no commitment; there is nothing in the nature of a criminal proceeding; it is a mere trial *of private right, between the parties. If the plaintiff prevails in this trial, the whole object of the law is, that he shall have restitution of his land, and for this, the judgment must be rendered.
If the jury find the defendant guilty, the act says, the justice shall record their verdict, and give judgment thereon. What judgment ? Judgment for the plaintiff, for the unlawful detainer? What does the plaintiff get by that? It awards him nothing; it determines no right. No ; the *946 judgment must be, that the plaintiff be restored to theposof his land, thus unlawfully detained from him.
Jt js true, that in this case, the justice has awarded a writ of restitution, but the objection is, that there is no judgment to support such award. The mere verdict of a jury, and the receiving and recording of it by the court, do not warrant the issuing of an execution; the court • must first pass upon it, and pronounce the judgment of the law upon it.
• It is certainly matter of great regret, that after a litigation so expensive, and a verdict, no doubt, so just, the . whole proceeding should be set aside, and the party lose his right; but, if we are to be governed, either by precedent or principle, this judgment cannot prevail.
Let the judgment be reversed.
Southard J.
I think it is also manifest, from the papers, that the defendants held the lands in severalty; not as joint tenants, or tenants in common. The justice could not, therefore, unite them all in one action. The judgment too, is for the costs of both plaintiff and defendant, which is error, and cause of reversal, so far, as relates to those costs which ought not to have been given.
Judgment reversed.
After the judgment was pronounced, the Attorney-General moved that a writ of re-restitution issue, to restore the defendants below, to the possession of the premises; and, as it appeared, by the record of the justice, that a writ of restitution had been issued, in favour of the plaintiff below, the court ordered the writ of restitution.